**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JOANNE WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CIV-10-1259-L |
| | ) | |
| vs. | ) | |
| | ) | **COMPLAINT** |
| TULSA ADJUSTMENT BUREAU, | ) | |
| INC. dba TAB SERVICES | ) | |
| | ) | |
| | ) | **JURY TRIAL REQUESTED** |
| Defendant. | ) | |

## COMPLAINT

### I.  INTRODUCTION

1.     This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

### II.  JURISDICTION

2.     This Court has jurisdiction under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3.     Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

### III.  PARTIES

4.     Plaintiff, JOANNE WILLIAMS ("Plaintiff"), is a natural person who at all

relevant times resided in the State of Oklahoma, County of Rodgers, and City of Catoosa.

5.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.    Defendant, TULSA ADJUSTMENT BUREAU, INC., dba TAB SERVICES ("Defendant") or ("TAB") is a corporation who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

## IV. FACTUAL ALLEGATIONS

7.    Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8.    Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9.    Plaintiff's obligation, or alleged obligation, owed or due, or asserted to owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10.    Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11.    In or around September 2010, Defendant repeatedly contacted Plaintiff in efforts to collect an alleged medical debt that had already been paid by Plaintiff's insurer, which had been repeatedly communicated to Defendant.  Plaintiff verified this personally after contacting Defendant's assignor, St. Francis Hospital, that verified that no debt had

indeed existed at that time.

12.     In Defendant's collection agents did use abusive and harassing language toward Plaintiff during the collection of the a debt by stating, "You have no recourse here, Ma'am.  You just don't.  You're going to have a stop supporting your college age daughter and start paying on this bill!"

13.     Defendant did threaten to unilaterally garnish Plaintiff's wages without the benefit of a court judgment or otherwise without any legal entitlement to same on this alleged debt, such that these actions constituted an improper threat to take an action that Defendant could not legally take at that point in time or that did not intend to be taken.

14.     Defendant did leave numerous telephone messages for Plaintiff wherein Defendant failed to disclose both its true corporate name and the fact that each communication was from a debt collector and any information would be used for that purpose.

15.     Defendant failed to provide Plaintiff with the notices required by 15 USC § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof, which would advise Plaintiff of her right to dispute the alleged debt, or any portion thereof, and the right to seek validation of same, within the required statutory period.

16.     Defendant did place numerous non-emergency telephone calls using an automatic telephone dialing system to Plaintiff's cell phone, without Plaintiffs prior express consent, for which Plaintiff was charged for the call.

17.     Defendant's actions constitute conduct highly offensive to a reasonable

person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer

injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or

emotional distress.

## COUNT I

18.    Plaintiff repeats and re-alleges each and every allegation contained in

paragraphs 1 through 17.

19.     Defendant falsely represented the character, amount, or legal status of

Plaintiff's debt in violation of § 1692e(2)(A);

20.     WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a)  Adjudging that Defendant violated  15 U.S.C. § 1692e(2)(A);

    b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in

        the amount of $1,000.00;

    c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d)  Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this

        action;

    e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be

        allowed under the law;

    f)  Awarding such other and further relief as the Court may deem just and

        proper.

## COUNT II

21.    Plaintiff repeats and re-alleges each and every allegation contained in

paragraphs 1 through 17.

22.     Defendant used language the natural consequence of which was to abuse Plaintiff in violation of § 1692d(2);

23.     WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated  15 U.S.C. § 1692d(2);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d)  Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

24.   Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 17.

25.     Defendant threatened to take action against Plaintiff that could not be legally taken or that was not actually intended to be taken in violation of § 1692e(5);

26.     WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated  15 U.S.C. § 1692e(5);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d)  Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV

27.  Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 17.

28.  Defendant failed to disclose Defendant's true corporate or business name in a telephone call to Plaintiff in violation of 15 U.S.C. § 1692d(6);

29.  WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated  15 U.S.C. § 1692d(6);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d)  Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT V

30.   Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 17.

31.   Defendant failed to provide Plaintiff with the notices required by 15 USC § 1692g, either in the initial communication with Plaintiff, or within 5 days thereof in violation of § 1692g(a);

32.   WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated  15 U.S.C. § 1692g(a);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d)  Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI

33.   Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 17.

34.     Defendant failed to notify Plaintiff during each collection contact that the communication was from a debt collector in violation of § 1692e(11);

35.     WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated  15 U.S.C. § 1692e(11);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d)  Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII

36.   Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 17.

37.     Defendant violated 47 U.S.C. §  227(b)(1)(A)(iii) by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated  47 U.S.C. § 227(b)(1)(A)(iii);

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 17th day of November, 2010

By: s/Alex D. Weisberg
    Alex D. Weisberg
    WEISBERG & MEYERS, LLC
    5722 South Flamingo Road, Ste. 656
    Cooper City, FL 33330
    (954) 212-2184
    (866) 577-0963facsimile
    AWeisberg@AttorneysForConsumers.com
    Attorney for Plaintiff